IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00117-01-CR-W-DW |
| | ) | |
| JAMES T. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On May 13, 2014, defendant Smith was granted leave to proceed pro se. Pending before the Court are the following:

1. Affidavit of Facts Call for Response re Transaction No. 14-00117-01-CR-DW Lack of Jurisdiction of the United States to Prosecute Any Person and/or Individual Based Upon Fraud on the Grand Jury (doc #20); and

2. Motion for Dismissal of Indictment in Transaction Number 14-00116-01-CR-W-GAF (sic) (doc #21).

I. BACKGROUND

On April 2, 1997, defendant James T. Smith was sentenced in the Western District of Wisconsin for the offense of Bank Robbery by Force or Violence. The sentence imposed was 210 months in custody followed by 36 months of supervised release. Defendant's term of supervised release began on April 23, 2012 and was to expire on April 22, 2015. On March 12, 2013, jurisdiction of the supervised release case was transferred from the Western District of Wisconsin to the Western District of Missouri. This case, 13-00061-01-CR-W-DW, was assigned to the Honorable Dean Whipple.

On May 20, 2013, a Violation Report was filed in Case No. 13-00061. The Violation Report stated that on May 19, 2013, troopers with the Missouri State Highway Patrol were notified that defendant Smith attempted to rob the Isle of Capri Casino. A mandatory condition of defendant Smith's supervised release was that "The defendant shall not commit another federal, state or local crime." A warrant for the arrest of supervised releasee was issued for defendant Smith. Defendant Smith first appeared in the supervised release case (No. 13-00061) before United States Magistrate Judge Robert E. Larsen on May 21, 2013.

On April 29, 2014, a two-count Indictment in the instant case was filed. Count One of the Indictment charges that on May 18, 2013, defendant Smith committed bank robbery, taking money in the amount of $1,053.00 from a teller at Commerce Bank, 118 West 47th Street, Kansas City, Missouri. Count Two charges that on May 19, 2013, defendant Smith attempted to rob the Isle of Capri Casino.

## II. DISCUSSION

The two pro se filings currently before the Court seek the dismissal of the instant case. Defendant argues that he has been denied his right to a speedy trial and that the Court lacks jurisdiction.[1] The Court will address each of these arguments.

A. Right to a Speedy Trial

In his supervised release case, No. 13-00061, defendant Smith argued that his constitutional right to a speedy trial had been violated. The Honorable Dean Whipple disagreed stating:

> Smith argues that his constitutional right to a speedy trial has been violated, alleging that the government had 70 days from his initial appearance to bring him to

---

[1]To the extent that defendant's pleadings contain references to any other arguments, the Court finds these additional arguments frivolous.

2

> trial. Smith is not, however, being prosecuted for a criminal offense in this case. Rather, Smith has been charged with violating a mandatory condition of his term of supervised release. "(T)he Sixth Amendment speedy trial right does not apply to supervised release revocation proceedings, which are not stages of a criminal prosecution." United States v. House, 501 F.3d 928, 931 (8th Cir. 2007). Instead, Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure requires that a revocation hearing be held "within a reasonable time." Per the advisory committee notes to the 1979 Addition to Rule 32.1, "what constitutes a reasonable time must be determined on the facts of the particular case."
>
> In this matter, the Court finds that the delay in conducting a revocation hearing is not unreasonable. The delay was caused by proceedings to determine the mental competency of Smith, on Smith's counsel's motion, and was extended to allow a separate psychological examination of Smith, again on Smith's counsel's motion. Smith has now been found competent to proceed, and the Court has promptly resumed the revocation proceedings, setting a revocation hearing for June 24, 2014. As a result, the motions will be denied as to Smith's speedy trial violation argument.

(Doc #48 at 2 in Case No. 13-00061-01-CR-W-DW)

In the instant case, defendant was indicted on April 29, 2014. Defendant first appeared in this case on May 5, 2014.[2] The case was ordered set for trial on the joint criminal jury trial docket commencing June 9, 2014. Pursuant to defendant Smith's pro se motion for a continuance of the trial setting (doc #16), the trial was continued to the joint criminal jury trial docket commencing July 14, 2014.[3] There is no speedy trial violation.

B.    Jurisdiction

In his supervised release case, No. 13-00061, defendant Smith argued that the district court lacked subject-matter jurisdiction over his underlying criminal case for the offense of bank robbery by force or violence. Again, the Honorable Dean Whipple disagreed stating:

---

[2]The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. However, in computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded.

[3]Any period of delay resulting from a continuance granted at the request of a defendant is excludable. See 18 U.S.C. § 3161(h)(7)(A).

Defendant also argues that the district court lacked subject-matter jurisdiction over his underlying criminal case for the offense of bank robbery by force or violence. Congress, pursuant to 18 U.S.C. § 3231, "conferred upon the federal district courts the power to adjudicate all cases involving crimes against the United States." United States v. Romero-Galue, 757 F.2d 1147, 1150 n.10 (11th Cir. 1985). Defendant alleges, however, that 18 U.S.C. § 3231 is null and void, because the public law under which it was ratified, Public Law 80-772, was not properly passed by Congress. As a result, Defendant argues the district court had no authority to sentence him to a term of supervised release and his sentence is therefore illegal, null and void.

The Court finds that Defendant's jurisdictional argument is frivolous and lacks any merit. See Cardenas-Celestino v. United States, 552 F.Supp.2d 962, 968 (W.D. Mo. 2008)("claim would fail as a frivolous and total contrivance"); Henderson v. United States, No. 07-0258-GAF, 2008 U.S. Dist. LEXIS 86842 at *3 (W.D. Mo. Mar. 6, 2008)("allegations concerning the adoption of Public Law 80-772 are baseless"); Manke v. United States, No. 07-0942-FJG, 2008 U.S. Dist. LEXIS 86833 at *2 (W.D. Mo. Jan. 8, 2008)("argument is completely without merit"). The district court had jurisdiction over Smith's criminal prosecution, and as a result, his conviction and sentence are valid. Thus, the motions will be denied as to this basis also.

(Doc #48 at 3 in Case No. 13-00061-01-CR-W-DW)

In the instant case, defendant argues that the Court lacks jurisdiction. A sampling of defendant's specific arguments are set forth below:

2. Affiant, a live flesh and blood man with the distinct spelling of the appellation denoting same shall always be in upper and lower case letters, the true proper grammatical spelling of said name, which is also the true name of said individual and never in all CAPITALIZED LETTERS wherein the idem sonans have the same sound, but the CAPITAL LETTER NAME represents a 'straw-man,' not the live flesh and blood man.

\* \* \*

5. Affiant attest that the Corporate UNITED STATES is owned by England, the courts operate under the laws of England unknown by most of the American people and hence lack jurisdiction to prosecute any American citizen, because of the initial fraud that has been concealed regarding the presumed Queen of England, Elizabeth Battenberg/Mountbatten and her sovereignty which is based upon two distinct points exposed in two very important precedents – John A. Hills v. the Queens Authority.

6. Affiant attest that the first point being she was knowingly and with malice aforethought, <u>coronated</u> on a fake stone in 1953 and thus <u>has never been lawfully crowned</u>; The coronation is a binding contract requiring the monarch's signature.

7. Affiant attest that at the coronation ceremony, Elizabeth signed a binding contract before God and the British people, that she would do her utmost to maintain the laws of God; the presumed Queen solemnly swore to do that, with her hand placed on the Sovereign's Bible, before kissing the Bible and signing the contract – in the Law of God found in the First Five Books of the Bible, man-made legislation is strictly prohibited.

\* \* \*

12. Affiant attest that Christina Y. Tabor, her predecessor(s), and her Superior(s), Tammy Dickinson dba US ATTORNEY FOR THE WESTERN DISTRICT OF MISSOURI, Eric Holder dba UNITED STATES ATTORNEY GENERAL, members of the Legislative and Judicial Branch of Government whom have silently agreed to the fact that Title 18 UNITED STATES FEDERAL CRIMINAL CODE has never lawfully been enacted and is constitutionally flawed, causing an otherwise false imprisonment, of the unnamed Secured Party, as an illegal surety for the Defendant, whom Secured Party is not.

(Doc #20)

3. Affiant state that the government and the court has had ample opportunity to prove that the Defendant and Authorized Representative are one and the same, contrary to State Public Records that prove they are not the same that the government and court has failed to rebut to prevent the 'fraud' taking place in these commercial tribunals, i.e. USDC WD MISSOURI.

\* \* \*

10. Affiant attest that the Court's claim that Defendant's jurisdictional claim is 'frivolous and lacks any merit' is an example of the Court's bias and inability to be impartial contrary to the Oath of Office He has taken, with all due respect.

11. Affiant attest that the jurisdictional claim can never be frivolous and lack any merit when no district court judge in the corporate UNITED STATES and no Appellate Circuit Court Justice, or UNITED STATES SUPREME COURT JUSTICE, has met their burden of Rebuttal to disprove the fact that Title 18 UNITED STATES CODE and Public Law 80-772 was in fact ratified in accord with the Parlamentarian of the House and wherein fact there was no 'quorum' present on the vote of the Public Law and/or 18 UNITED STATES CODE / or H.R.

5

3190.

* * *

16. Affiant attest that all judges party to Transaction Number: 14-0011601-CR-W-GAF USDC WD MISSOURI, USA TAMMY DICKINSON, CHRISTINA Y TABOR dba AUSA all USM Deputies have violated the Perfected Security Agreement and Interest, COMMON LAW COPYRIGHT pursuant to Authorized Representative's right of publicity and Hold-harmless Indemnity Agreement between the Secured Party dba Authorized Representative of DEFENDANT whom neither Secured Party nor Authorized Representative is, and above parties have also violated U.S. Constitution Article 4 §1, Cl. 1 'Full Faith and Credit to Minnesota Public Records Uniform Commercial Code UCC 1 and 1Ad National Financing Statement # 20036264638 Filed January 16, 2003 [See Doc. 41-4 Filed 02/10/14 Page 1 thru 28 … Case # 4:13-cr-00061-DW]

17. Affiant attest that All Law is Contract and All Law is Commerce, that the INDICTMENT in Transaction Number 14-00116-01-CR-W-GAF is a Document of title under the UCC Article 7, there is a Bond on said instrument, the Authorized Representative has requested the Government release any and all bonds on this case to permit a plea on behalf of the Defendant to discharge this case, zero out the account and close the case, which the government has dishonored and the Court has not inquired of the government re the bond(s) or compelled the government to produce the said bonds for discharge of said account number or for proof of certification of the alleged violated statute;

(Doc #21)

As Judge Whipple found in defendant Smith's supervised release case, "the Court finds that Defendant's jurisdictional argument is frivolous and lacks any merit." (Doc #48 at 3 in Case No. 13-00061-01-CR-W-DW) Under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. See 18 U.S.C. § 3231. Defendant Smith has been charged with bank robbery, in violation of 18 U.S.C. § 2113(a), and with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, all laws of the United States. Thus, this Court has jurisdiction over defendant Smith's case. Defendant's motions to dismiss the indictment for lack of jurisdiction must be denied. See United States v.

Trotter, 478 F.3d 918, 920 n.2 (8th Cir. 2007)("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss [for lack of jurisdiction] was properly denied.")

Given the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying the relief requested by defendant Smith in his Affidavit of Facts Call for Response re Transaction No. 14-00117-01-CR-DW Lack of Jurisdiction of the United States to Prosecute Any Person and/or Individual Based Upon Fraud on the Grand Jury (doc #20). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Smith's Motion for Dismissal of Indictment in Transaction Number 14-00116-01-CR-W-GAF (sic) (doc #21).

Defendant Smith and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice

                                                */s/ Sarah W. Hays*
                                                SARAH W. HAYS
                                  UNITED STATES MAGISTRATE JUDGE