IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00117-01-CR-W-DW |
| | ) | |
| JAMES T. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On May 13, 2014, defendant Smith was granted leave to proceed pro se. Pending before the Court are the following documents which have been filed by defendant Smith:

1. Motion to Quash Indictment (doc #29); and

2. Letter Rogatory for Relief Under the Hague Convention Title 28 USC § 1781 (doc #37).

I. BACKGROUND

On April 2, 1997, defendant James T. Smith was sentenced in the Western District of Wisconsin for the offense of Bank Robbery by Force or Violence. The sentence imposed was 210 months in custody followed by 36 months of supervised release. Defendant's term of supervised release began on April 23, 2012 and was to expire on April 22, 2015. On March 12, 2013, jurisdiction of the supervised release case was transferred from the Western District of Wisconsin to the Western District of Missouri. This case, 13-00061-01-CR-W-DW, was assigned to the Honorable Dean Whipple.

On May 20, 2013, a Violation Report was filed in Case No. 13-00061. The Violation

Report stated that on May 19, 2013, troopers with the Missouri State Highway Patrol were notified that defendant Smith attempted to rob the Isle of Capri Casino. A mandatory condition of defendant Smith's supervised release was that "[t]he defendant shall not commit another federal, state or local crime." A warrant for the arrest of supervised releasee was issued for defendant Smith. Defendant Smith first appeared in the supervised release case (Case No. 13-00061) before United States Magistrate Judge Robert E. Larsen on May 21, 2013.

On April 29, 2014, a two-count Indictment in the instant case was filed. Count One of the Indictment charges that on May 18, 2013, defendant Smith committed bank robbery, taking money in the amount of $1,053.00 from a teller at Commerce Bank, 118 West 47th Street, Kansas City, Missouri. Count Two charges that on May 19, 2013, defendant Smith attempted to rob the Isle of Capri Casino.

## II. DISCUSSION

The two pro se filings currently before the Court seek the dismissal of the instant case. The Court will address each of these filings.

### A. Motion to Quash Indictment

In this motion, defendant Smith states that this controversy has been terminated based on the acquiescence of the prosecution and court for failing to respond to defendant's jurisdictional challenges in defendant's Affidavit of Facts and Call for Response (doc #28 in Case No. 13-00061), Notice of Fault Opportunity to Cure Affidavit of Facts and Call for Response (doc #38 in Case No. 13-00061) and Notice of Default and Confession of Judgment (doc #39 in Case No. 13-00061). (Motion to Quash Indictment (doc #29) at 1)

The primary theme in defendant's filings is that the Court lacks jurisdiction.[1] However, as defendant has been advised in Case No. 13-00061,[2] as well as in the instant case,[3] under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. See 18 U.S.C. § 3231. Defendant Smith has been charged with bank robbery, in violation of 18 U.S.C. § 2113(a), and with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, all laws of the United States. Thus, this Court has jurisdiction over defendant Smith's case. Defendant's motion to quash indictment must be denied. See United States v. Trotter, 478 F.3d 918, 920 n.2 (8th Cir. 2007)("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss [for lack of jurisdiction] was properly denied.")

B. Letter Rogatory for Relief Under the Hague Convention Title 28 USC § 1781

This filing contains 34 numbered paragraphs of nonsensical allegations with no supporting authority and concludes with defendant Smith's "demand [that] this case and account be closed and no further measures taken to securitize and issue a Judgement to confirm this case has been DISMISSED and CLOSED without prejudice against Beneficiary, Authorized Representative, Secured Party." (Letter Rogatory for Relief Under the Hague Convention Title 28 USC § 1781 (doc #37) at 5)

There is no basis on which to grant defendant Smith's Letter Rogatory for Relief Under the Hague Convention Title 28 USC § 1781. Thus, defendant's request must be denied.

Given the foregoing, it is

---

[1] To the extent that defendant's pleadings contain references to any other arguments, the Court finds these additional arguments frivolous.
[2] See Order (doc #48).
[3] See Report and Recommendation (doc #23) which was adopted by Order (doc #31).

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Smith's Motion to Quash Indictment (doc #29). It is further

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying the relief requested by defendant Smith in his Letter Rogatory for Relief Under the Hague Convention Title 28 USC §1781 (doc #37).

Defendant Smith and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE