IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-00117-01-CR-W-DW |
| ) | |
| JAMES T. SMITH, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

On May 13, 2014, defendant Smith was granted leave to proceed pro se. Pending before the Court are the following documents which were recently filed by defendant Smith:

1. Notice and Demand for Dismissal of Indictment Any and All "Charges" re Above Case Number (doc #87);

2. Affidavit of Specific Negative Averment (doc #88); and

3. Judicial Notice Pursuant to Criminal Rules of Evidence, 18 USC Rule 201 (doc #89).

I. BACKGROUND

On April 2, 1997, defendant James T. Smith was sentenced in the Western District of Wisconsin for the offense of Bank Robbery by Force or Violence. The sentence imposed was 210 months in custody followed by 36 months of supervised release. Defendant's term of supervised release began on April 23, 2012 and was to expire on April 22, 2015. On March 12, 2013, jurisdiction of the supervised release case was transferred from the Western District of Wisconsin to the Western District of Missouri. This case, 13-00061-01-CR-W-DW, was assigned to the

Honorable Dean Whipple.

On May 20, 2013, a Violation Report was filed in Case No. 13-00061. The Violation Report stated that on May 19, 2013, troopers with the Missouri State Highway Patrol were notified that defendant Smith attempted to rob the Isle of Capri Casino. A mandatory condition of defendant Smith's supervised release was that "[t]he defendant shall not commit another federal, state or local crime." A warrant for the arrest of supervised releasee was issued for defendant Smith. Defendant Smith first appeared in the supervised release case (Case No. 13-00061) before United States Magistrate Judge Robert E. Larsen on May 21, 2013.

On April 29, 2014, a two-count Indictment in the instant case was filed. Count One of the Indictment charges that on May 18, 2013, defendant Smith committed bank robbery, taking money in the amount of $1,053.00 from a teller at Commerce Bank, 118 West 47th Street, Kansas City, Missouri. Count Two charges that on May 19, 2013, defendant Smith attempted to rob the Isle of Capri Casino.

## II. DISCUSSION

The three pro se filings currently before the Court seek the dismissal of the instant case. The primary theme in defendant's filings is that the Court lacks jurisdiction. However, as defendant has been advised in Case No. 13-00061,[1] as well as in the instant case,[2] under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. See 18 U.S.C. § 3231. Defendant Smith has been charged with bank robbery, in violation of 18 U.S.C. § 2113(a), and with attempted Hobbs Act

---

[1] See Order (doc #48).
[2] See Report and Recommendation (doc #23) which was adopted by Order (doc #31) and Report and Recommendation (doc #48) which was adopted by Order (doc #53).

2

robbery, in violation of 18 U.S.C. § 1951, all laws of the United States. Thus, this Court has jurisdiction over defendant Smith's case. Defendant's requests that this case be dismissed for lack of jurisdiction must be denied. See United States v. Trotter, 478 F.3d 918, 920 n.2 (8th Cir. 2007)("Because Trotter was charged with an offense against the laws of the United States, the court clearly had jurisdiction and his motion to dismiss [for lack of jurisdiction] was properly denied.")

### III. CONCLUSION

Given the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Smith's request for dismissal of this case as set forth in defendant's Notice and Demand for Dismissal of Indictment Any and All "Charges" re Above Case Number (doc #87), Affidavit of Specific Negative Averment (doc #88), and Judicial Notice Pursuant to Criminal Rules of Evidence, 18 USC Rule 201 (doc #89).

Defendant Smith and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice

                                                  */s/ Sarah W. Hays*
                                                  SARAH W. HAYS
                                    UNITED STATES MAGISTRATE JUDGE